IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEILA APPLIN<br>2608 Cast Off Loop<br>Woodbridge, Virginia 22191<br><br>　　Plaintiff,<br><br>v.<br><br>DONALD C. WINTER,<br>SECRETARY OF THE NAVY<br>U.S. DEPT. OF THE NAVY<br>1000 Navy Pentagon,<br>Washington, D.C.  20350-1000<br>Serve: United States Attorney<br>　　　Jeffrey A. Taylor, or his designated<br>　　　representative<br>　　　Judiciary Center Building<br>　　　555 Fourth Street, NW<br>　　　Washington, DC 20530<br><br>Serve: Attorney General of the U.S.<br>　　　Michael B. Mukasey, or his<br>　　　designated representative<br>　　　U.S. Department of Justice<br>　　　950 Pennsylvania Avenue, NW<br>　　　Washington, DC 20530-0001<br><br>　　Defendant. | Case No.: _____ |

## COMPLAINT

COMES NOW the Plaintiff, Seila Applin, by and through counsel, DUBOFF & ASSOCIATES, CHARTERED and Donna Williams Rucker, Esquire, and sues the Defendant, Donald C. Winter, Secretary of the Navy, U.S. Department of the Navy, and in support therefor, states as follows:

### JURISDICTION AND VENUE

1.　Jurisdiction of the Court is proper pursuant to Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. Section 2000(e), and 29 C.F.R. 1614.504. Venue is appropriate and based on the fact that the actions complained of are the result of actions and employment practices of the Defendant, an Agency of the federal government, which operates within the District of Columbia. Upon information and belief the State claims are proper based upon Supplemental Jurisdiction.

2. Plaintiff Seila Applin ("Applin") timely filed a complaint with the Department of Navy and the EEOC. Plaintiff received the Final Agency Decision on or about November 28, 2007.

## PARTIES

3. Plaintiff Applin at all times relevant hereto was an employee of Defendant.

4. Defendant is an Agency, under the federal government, and operates in the District of Columbia.

## FACTS

5. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

6. Plaintiff, a female, joined the Public Safety Department at Naval District Washington in 1999 as a Supervisory Police Officer ("SPO").

7. In a 2000 union agreement, sergeant positions were made into Lead Police Officer positions, and Plaintiff's position was thus reclassified.

8. Plaintiff supervised approximately 20 to 25 civilian and military personnel while holding the position of a SPO.

9. As a sergeant, Plaintiff was required to take mandatory management courses under OPM.

10. Plaintiff has over 20 years of service as a Civil Service employee.

11. Plaintiff was employed by the Defendant as a Lead Police Officer (Sergeant) in the Law Enforcement Division, Security and Fire Department, Washington Navy Yard, Naval District Washington, Washington DC.

12. Plaintiff's first line supervisor was Lieutenant Jeffrey Jenkins.

13. Plaintiff's second line supervisor was Major Graves.

14. Plaintiff's third line supervisor was Chief Charles Yeldell.

15. Plaintiff had filed prior EEO complaints for discrimination based on race (African American) and sex (Female) on or about January 29, 2003 and March 5, 2003.

16. Plaintiff was not given an opportunity to be interviewed for the position of Supervisory Police Officer (Lieutenant) ("SPO-Lt") for which Mr. Coleman was selected.

17. Plaintiff has applied for several SPO-Lt positions.

18. Plaintiff was and is qualified for selection to a SPO-Lt position.

19. Plaintiff has not been selected for any position as a SPO-Lt

20. Each time Plaintiff was up for a SPO-Lt position a male was selected to fill the position.

21. Each time Plaintiff was up for a SPO-Lt position a less qualified male was selected to fill the position.

22. Upon information and belief, Michel Cook, Stacey Wilson, Gary Glenn, and Charles Coleman are some of the males selected for promotion over the Plaintiff.

23. Upon information and belief interviews were to be conducted to select an individual to fill a lieutenant position.

24. A male, Mr. Coleman, was selected to fill a GS-0083-08 position with Requisition Number NW4-0083-GS08-K131077C on or about February 7, 2005.

25. The panel recommending Mr. Coleman for the position was composed of Charles Yeldell and Thomas Doughtery.

26. Plaintiff was not interviewed for the position under Requisition Number NW4-0083-GS08-K131077C.

27. Plaintiff was a top candidate for promotion under Requisition Number NW4-0083-GS08-K131077C.

28. Upon information and belief Plaintiff was the most qualified to fill the vacancy for Requisition Number NW4-0083-GS08-K131077C.

29. Upon information and belief Mr. Coleman was pre-selected for the position under Requisition Number NW4-0083-GS08-K131077C.

30. Three males were selected to fill vacancies at the Naval Support Activity, Indian Head.

31. Upon information and belief, the Indian Head positions were filled on March 25, 2005 under Certificate No. NW5-0083-GS08-4C324104-OC-25.

32. Upon information and belief Plaintiff was the most qualified to fill the vacancy under Certificate No. NW5-0083-GS08-4C324104-OC-25.

33. Plaintiff was a top candidate to fill the vacancy listed under Certificate No. NW5-0083-GS08-4C324104-OC-25.

34. A panel member for the selection that occurred on February 7, 2005 was aware of Plaintiff's prior EEO activity.

35. A panel member for the selection occurring in March 2005 was involved in Plaintiff's prior EEO complaints.

36. Plaintiff is a graduate from the Federal Law Enforcement Training Center (FLETC) School.

37. Upon information and belief Mr. Coleman had not completed any training at FLETC.

38. Upon information and belief the three males selected to fill vacancies at Indian Head had not completed any training at FLETC at the time of their selection.

39. Upon information and belief Mr. Coleman did not hold a Bachelors Degree.

40. Upon information and belief the three males selected to fill the vacancies at Indian Head did not hold Bachelors Degrees.

41. Upon information and belief all males who have graduated from FLETC, at or near the time Plaintiff graduated, have been promoted.

42. Plaintiff holds a Bachelor's Degree in criminal justice.

## COUNT I
### (Title VII of the Civil Rights Act)
### Sex and Reprisal

43. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

44. Plaintiff is a female who filed prior Equal Employment Opportunity (EEO) complaints against defendant in 2003 and 2004.

45. Several males were promoted over plaintiff to the position of SPO-Lt.

46. Plaintiff was better qualified than the selected male officers to hold the position of SPO-Lt.

47. Despite Plaintiff's qualifications, Defendant placed the male individuals into the SPO-Lt positions instead of the Plaintiff.

48. Plaintiff was not given a position as SPO-Lt based upon her sex and reprisal.

49. Upon information and belief the positions in question were not advertised, as they should have been.

50. Defendant failed to promote plaintiff to the position of SPO-Lt.

51. Plaintiff believes her failure to be promoted is due to her sex and in reprisal for prior EEO activity.

52. Plaintiff was not offered the position of SPO-Lt although she is and was qualified for the same, and the position was given to an individual less qualified than plaintiff who had not been involved in prior protected activity.

53. Plaintiff was denied an interview for the vacancy under Requisition Number NW4-0083-GS08-K131077C based on her sex.

54. Plaintiff was denied an interview for the vacancy under Requisition Number NW4-0083-GS08-K131077C in reprisal for prior protected activity.

55. Plaintiff's treatment was close in proximity so as to establish that the actions by Defendant were based on reprisal.

56. Plaintiff was not offered the position of SPO-Lt although she is and was qualified for the same, and the position was given to a male who is less qualified than Plaintiff.

57.     Plaintiff suffered an adverse action based on the sex discrimination and reprisal, including loss of promotion, loss of income and lost promotion potential.

58.     Plaintiff has lost career opportunity and advancement, she has lost income and she has been embarrassed and humiliated; incurred lost time from work, and expenses in the past and will incur the same in the future; has been subjected to mental anguish and a great amount of emotional, psychological, and pain and suffering, and all as a direct result of the actions complained of herein.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

1.  Award compensatory damages in excess of Three Hundred Thousand Dollars ($300,000.00);
2.  Award, pursuant to 42 U.S.C. Section 2000(e)-(5)(k), reasonable attorney's fees and costs incurred and for this action; and
3.  Declaratory and injunctive relief;
4.  Such other and further relief as this Court deems just and proper.

## COUNT II
### (Negligent Infliction of Emotional Distress)

59.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

60.     Defendant by and through its agents, servants, and employees had the duty to act reasonably and with due care in their interactions with plaintiff.

61.     Nevertheless defendant by and through its agents, servants, and employees acted with such extreme and outrageous conduct when they refused to promote Plaintiff to a SPO-Lt

position, despite the fact that she was and is better qualified.

62. Defendant by and through its agents, servants, and employees acted with such extreme and outrageous conduct when they refused to grant Plaintiff an interview for a SPO-Lt position.

63. Defendant by and through its agents, servants, and employees acted with such extreme and outrageous conduct when they selected less qualified males for SPO-Lt positions, despite the fact that Plaintiff was and is better qualified.

64. Defendant by and through its agents, servants, and employees acted with such extreme and outrageous conduct when they selected less qualified males for SPO-Lt positions, due to Plaintiff's sex.

65. Defendant by and through its agents, servants, and employees acted with such extreme and outrageous conduct and knew or should have know that in selecting less qualified males for SPO-Lt positions, would cause Plaintiff emotional distress.

66. As a direct and proximate result of defendant's negligence, by and through its agents, servants, and employees, plaintiff suffered extreme emotional distress and embarrassment, all without any negligence on the part of the plaintiff contributing thereto.

67. Defendant, by and through its agents, servants, and employees, carried out their actions against plaintiff with malice and their conduct was intentional and egregious.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

1. Award compensatory damages in excess of Three Hundred Thousand Dollars ($300,000.00);

2. Award, pursuant to 42 U.S.C. Section 2000(e)-(5)(k), reasonable attorney's fees and costs incurred and for this action; and

    3.    Declaratory and injunctive relief;

    4.    Such other and further relief as this Court deems just and proper.

## COUNT III
### (Intentional Infliction of Emotional Distress)

68.    Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

69.    Defendant, by and through its agents, servants, and employees, actions were intentional and caused plaintiff an extreme amount of emotional anguish, psychological distress, embarrassment and humiliation.

70.    Defendant, by and through its agents, servants, and employees, acted with such extreme and outrageous conduct when they refused to grant Plaintiff an interview for a SPO-Lt position.

71.    Defendant, by and through its agents, servants, and employees acted with such extreme and outrageous conduct when they selected less qualified males for SPO-Lt positions, despite the fact that Plaintiff was and is better qualified.

72.    Defendant, by and through its agents, servants, and employees acted with such extreme and outrageous conduct when they selected less qualified males for SPO-Lt positions, due to Plaintiff's sex.

73.    Defendant by and through its agents, servants, and employees acted with such extreme and outrageous conduct when they selected less qualified males for SPO-Lt positions, due to Plaintiff's prior EEO activity.

74.    As a direct and proximate result of defendant, by and through it agents, servants, and employees, intentional actions, plaintiff suffered, psychological distress and emotional

9

anguish, all without any negligence on the part of the plaintiff contributing thereto.

75. Defendant, by and through it agents, servants, and employees carried out their actions against plaintiff with malice and their conduct was intentional and egregious.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

1. Award compensatory damages in excess of Three Hundred Thousand Dollars ($300,000.00);

2. Award, pursuant to 42 U.S.C. Section 2000(e)-(5)(k), reasonable attorney's fees and costs incurred and for this action; and

3. Declaratory and injunctive relief;

4. Such other and further relief as this Court deems just and proper.

## COUNT IV
**(Negligent Supervision and *Respondeat Superior*)**

76. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

77. Defendant, by and through it agents, servants, and employees, knew, or should have known, that the supervisors and selecting officials would likely confront and/or be in contact with those individuals in the employ of the Defendant.

78. The Defendant employs plaintiff and it was foreseeable that she would come in contact with defendant's employees and supervisors and the selecting officials at issue herein.

79. Defendant, by and through it agents, servants, and employees, negligent failure to adequately supervise or discipline or in any other way control the supervisors and/or selecting officials at issue herein, in the exercise of the functions of their employment, and defendant's failure to enforce the laws of the District of Columbia and the Regulations and General Orders of

the Department of the Navy, is evidence of a reckless lack of cautious regard for the rights of other employees of the defendant, including those of plaintiff, and exhibits a lack of that degree of due care which prudent and reasonable individuals would demonstrate in the execution of their office.

80. Defendant, by and through it agents, servants, and employees, failure to adequately supervise, discipline or in any other way control the supervisors and selecting officials at issue herein, and their failure to enforce the laws of the District of Columbia and enforce the Regulations and General Orders of the Department of the Navy, was, and is, carried out with such reckless disregard of the consequences as to display a conscious indifference to the danger of harm and injury, and the intention to inflict harm and injury to other employees, to wit the plaintiff.

81. At all times relevant hereto the supervisors and selecting officials at issue herein, were employees, agents and/or servants of the Defendant and were acting within the course and scope of their employment, under the color of law, and under the supervision of the Defendant.

82. The supervisory and selecting officials of the Defendant have a duty to the employees of the Defendant in general, and specifically to plaintiff, to ensure that its officers operate within the bounds of the laws of the District of Columbia, the rules and regulations of the Defendant and the Constitution of the United States. In not doing so they foster an atmosphere in which the belief is generated among its supervisors and selecting officials that the above described lawlessness is condoned and accepted as part of their normal duties, and they will not be held accountable for their unlawful actions.

83. Defendant bears the ultimate responsibility for the enforcement of the General Orders and Regulations of the Department of the Navy.

84. Defendant is directly liable and responsible for the acts or omissions of its agents, servants, and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*. Defendant, with deliberate indifference, failed to enforce the pertinent, laws, rules and regulations, thereby creating an atmosphere of lawlessness in which its supervisors and selecting officials employ illegal actions in the belief that such acts will be condoned and justified by their superiors. Defendant knew, or should have known of the unlawful acts perpetrated by it agents, servants and/or employees upon the Plaintiff.

85. It was the duty of the defendant to supervise the actions of those below them in the chain of command and to ensure that its employees exercised due care with their interaction with other employees, specifically Plaintiff, and to act so as not to violate her constitutional rights. This duty was clearly breached by the defendant.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

1. Award compensatory damages in excess of Three Hundred Thousand Dollars ($300,000.00);

2. Award, pursuant to 42 U.S.C. Section 2000(e)-(5)(k), reasonable attorney's fees and costs incurred and for this action; and

3. Declaratory and injunctive relief;

4. Such other and further relief as this Court deems just and proper.

## COUNT V
### (Equitable Relief)

86. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

87. Because of the actions alleged herein, the continued employment of the supervisors and selecting officials at issue herein without training in equal employment opportunity law, rules and regulations, presents a clear and present danger to the employees of this Defendant and could result in further illegal actions on the part of the Defendant, by and through its agents, servants, and employees.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

1. Order that Defendant institutes a policy and procedure to be implemented against discrimination;

2. Equal Employment Opportunity Training for the Defendant, supervisory officials and the selecting officials at issue herein;

3. Supervisory training for the supervisors at issue herein.

4. for such other and further relief as the Court deems just and proper.

## COUNT VI
### (Negligence)

88. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

89. Defendant, by and through it agents, servants, and employees had the duty to act reasonably and with due care in their interactions with plaintiff.

90. Nevertheless the defendant breached their duty of care when plaintiff was denied promotions based on her sex and in reprisal for prior EEO activity and her constitutional rights were violated.

91. Next, the defendant failed to act reasonably and/or to investigate and/or to prevent the matter from occurring and such failure caused plaintiff injury.

92. As a direct and proximate result of the action and/or inactions of the defendant, by and through it agents, servants, and employees, plaintiff suffered emotional distress, embarrassment, humiliation, and mental distress, and other losses, without any negligence on the part of the plaintiff contributing thereto.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

1. Award compensatory damages in excess of Three Hundred Thousand Dollars ($300,000.00);

2. Award, pursuant to 42 U.S.C. Section 2000(e)-(5)(k), reasonable attorney's fees and costs incurred and for this action; and

3. Declaratory and injunctive relief;

4. Such other and further relief as this Court deems just and proper.

## COUNT VII
### (42 U.S.C § 1983)

93. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

94. Plaintiff had constitutionally protected interests, including a right to be considered for promotion and promotion opportunities regardless of her gender, and for equal protection of the laws guaranteed by the United States Constitution.

95. Plaintiff had constitutionally protected interests, including a right to be considered for promotion and promotion opportunities regardless of her prior EEO activity, and for equal protection of the laws guaranteed by the United States Constitution.

96. Defendants were acting pursuant to the policies, procedures and customs then in effect within the Department of the Navy.

97.	Plaintiff is entitled to recover, pursuant to 42 U.S.C. §1983, for all Constitutional violations committed, and/or for when her rights were violated.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

1. Award compensatory damages in excess of Three Hundred Thousand Dollars ($300,000.00);

2. Award, pursuant to 42 U.S.C. Section 2000(e)-(5)(k), reasonable attorney's fees and costs incurred and for this action; and

3. Declaratory and injunctive relief;

4. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

By:	__/s/ Donna Williams Rucker_____
	Donna Williams Rucker, Esquire (Bar #446713)
	DUBOFF & ASSOCIATES, CHARTERED
	8401 Colesville Road, Suite 501
	Silver Spring, Maryland 20910
	(301) 495-3131   Office
	(301) 587-1872   Facsimile

**JURY DEMAND**

Plaintiff, by and through counsel, demands a trial by jury on all issues set forth herein.

__/s/ Donna Williams Rucker_____
Donna Williams Rucker, Esquire

## I (a) PLAINTIFFS

SEILA APPLIN

## DEFENDANTS

DONALD C. WINTER, SECRETARY OF THE NAVY
U.S. DEPT. OF THE NAVY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Donna Williams Rucker, Esquire (Bar #446713)
DUBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- [ ] 410 Antitrust

### ○ B. Personal Injury/Malpractice
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* *2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ◉ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), & 29 C.F.R. 1614.504, 42 USC § 1981; Employment discrimination sex/reprisal & failure to promote

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | DEMAND $ 300,000.00+ <br>JURY DEMAND: | Check YES only if demanded in compl:<br>YES ☒  NO ☐ |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instruction) | YES ☐  NO ☒ | If yes, please complete related case form. |
|---|---|---|---|

DATE  February 26, 2008     SIGNATURE OF ATTORNEY OF RECORD  [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.