UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEILA APPLIN )<br>2608 Cast Off Loop )<br>Woodbridge, Virginia 22191 )<br> )<br>          Plaintiff, )<br>     v. )<br> )<br>DONALD C. WINTER, )<br>SECRETARY OF THE NAVY )<br>U.S. DEPT. OF THE NAVY )<br>1000 Navy Pentagon, )<br>Washington, D.C.  20350-1000 )<br> )<br>          Defendant. ) | Civil Action No.: 08-0334 (HHK) |

## DEFENDANT'S MOTION TO DISMISS

Defendant Donald C. Winter, Secretary of the Navy, by his undersigned attorneys, hereby respectfully moves this Court to dismiss Plaintiff's Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Plaintiff's Title VII claims are untimely, this Court lacks subject matter jurisdiction to hear Plaintiff's tort claims, and Plaintiff fails to state a claim under 42 U.S.C. § 1983.  Moreover, because Title VII is Plaintiff's exclusive remedy for her discrimination and reprisal claims, she fails to state a claim upon which relief can be granted.

A Memorandum of Points and Authorities in support of this Motion and a proposed Order are filed herewith.  For the reasons provided in the attached Memorandum of Points and Authorities, Plaintiff's Complaint should be dismissed with prejudice.

Dated: May 21, 2008	Respectfully submitted,


  /s/
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney


  /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


  /s/
CHRISTIAN NATIELLO, D.C. BAR #473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room #4112
Washington, D.C.  20530
(202) 307-0338

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SEILA APPLIN ) <br> 2608 Cast Off Loop ) <br> Woodbridge, Virginia 22191 ) <br> ) <br>          Plaintiff, ) <br> v. ) <br> ) <br> DONALD C. WINTER, ) <br> SECRETARY OF THE NAVY ) <br> U.S. DEPT. OF THE NAVY ) <br> 1000 Navy Pentagon, ) <br> Washington, D.C. 20350-1000 ) <br> ) <br>          Defendant. ) | Civil Action No.: 08-0334 (HHK) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

I.    BACKGROUND

Plaintiff, Seila Applin, alleges that she was discriminated against based on her sex and reprisal for prior EEO activity when the Navy did not select her for the position of Supervisory Police Officer (Lieutenant) at two different locations. The first position she applied for had one opening available and was at the Washington Navy Yard ("WNY"). The second position was at the Naval Center in Indian Head, Maryland ("Indian Head"), and had three openings available.

Plaintiff seeks compensatory damages and other damages that she claims she is entitled to in light of these non-selections. In addition to an untimely claim brought under Title VII for reprisal and discrimination based on Plaintiff's sex (Count I), Plaintiff brings several other claims that cannot survive. Plaintiff claims negligent infliction of emotional distress (Count II), intentional infliction of emotional distress (Count III), negligent supervision and *respondeat superior* (Count IV), equitable relief (Count V), negligence (Count VI), and a violation of 42 U.S.C. § 1983 (Count VII). Plaintiff's Complaint should be dismissed in its entirety. Defendant

maintains that this Court lacks subject matter jurisdiction to hear these claims and that Plaintiff fails to state claims upon which relief can be granted. Thus, the Defendant is entitled to dismissal of Plaintiff's Complaint as a matter of law.

II.     ARGUMENT

    A.     Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Id. at 1965 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)); see also Erickson v. Pardus, 127 S. Ct. 2197 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). Moreover, "[t]o the extent direct allegations are missing, 'a complaint must contain...inferential allegations.'" Aktieselskabet v. Fame Jeans, Inc., 2008 U.S. App. LEXIS 9627, at *19 (D.C. Cir. 2008), citing Twombly, 127 S. Ct. at 1969.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. at 2200; see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965; Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325, 111 S. Ct. 1842, 114 L. Ed. 2d 366 (1991). The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir.1994); see also Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). While the complaint is to be construed liberally in plaintiff's favor, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions. See Kowal v. MCI Communications Corp., 16 F.3d at 1276; Browning v. Clinton, 292 F.3d at 242. In this case, Plaintiff fails to establish a right to relief on the substantive claims asserted even when the Complaint is liberally construed in Plaintiff's favor.

Plaintiff also fails to establish that this Court has subject matter jurisdiction over the Defendant.[1] Plaintiff clearly bears the burden of establishing subject matter jurisdiction, see Miller v. United States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 464 U.S. 939 (1983); Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982). Requests

---

[1] It is well-established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment. See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995); see also 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) require a similar standard of review as those for failure to state a claim. A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.

Applying these standards demonstrates that Plaintiff's claims should be dismissed in their entirety.

B.  Plaintiff Filed Her Complaint Beyond The 90 Day Deadline For Doing So

Plaintiff had 90 days from the date she received the Final Decision of her administrative Equal Employment Opportunity Commission action to file this action in federal court. 29 C.F.R. 1614.407; Appeals Right Notice, attached as Exhibit A. The Final Decision was mailed to Plaintiff (and to her attorney) on November 21, 2007. Certificate of Service, attached as Exhibit B. Plaintiff actually received the Final Decision on November 24, 2007. U.S.P.S. Tracking Printout, attached as Exhibit C. Plaintiff had 90 days, then, from November 24, 2007, to file the instant action. She failed to do so.

Ninety days from November 24, 2007, would have been on Friday, February 22, 2008. Plaintiff, however, did not file her Complaint until Tuesday, February 26, 2008.[2] As such, Plaintiff's Title VII claim should be dismissed. Ikossi v. Dep't of the Navy, 516 F.3d 1037

---

[2]  The Courthouse was also open on Monday, February 25, 2008. Though her Complaint would have still been late, Plaintiff failed to file her Complaint on that day as well.

(D.D.C. 2008) (dismissing the plaintiff's termination claim because it was filed more than 90 days from the receipt of the final EEOC decision).[3]

    C.    Plaintiff's Tort Claims Cannot Survive

           1.    Title VII is the exclusive remedy for Plaintiff's discrimination and retaliation claims

Perhaps the untimeliness of Plaintiff's Title VII claim is the reason why Plaintiff adds a number of related non-Title VII claims; she presumably hopes that because these claims are technically timely, she can thereby plead her way into Federal Court. Plaintiff is incorrect, however. The exclusive remedy for her discrimination claims rest in Title VII. Just as her Title VII claim should be dismissed as untimely, her remaining claims should be dismissed for failure to state a claim upon which relief can be granted.

---

[3] There exists some uncertainty within this District regarding whether a failure to properly exhaust administrative remedies is properly brought in a Rule 12(b)(1) motion, as a jurisdictional defect, or in a 12(b)(6) motion. Compare Mills v. Billington, Civ. A. No 04-2205 (HHK), 2006 WL 1371683, at *2 (D.D.C. May 16, 2006) ("It is well-settled that a plaintiff's failure to exhaust her administrative remedies will deprive a district court of subject matter jurisdiction[.]"); Williams v. Chertoff, Civ. A. No. 05-0211 (RCL), 2005 WL 3200794, at *1 (D.D.C. Nov. 1, 2005) (same); Ivey v. Nat'l Treasury Employees Union, Civ. A. No. 05-1147 (EGS), 2007 WL 915229, at *2 (D.D.C. Mar. 27, 2007) (analyzing failure to exhaust argument under Rule 12(b)(1)); with Holmes v. PHI Serv. Co., 437 F. Supp. 2d. 110, 118-23 (D.D.C. 2006) (Walton, J.) (failure to timely exhaust is not a jurisdictional defect); see also Rann v. Chao, 346 F.3d 192, 195 (D.C. Cir. 2003) (recognizing that prior D.C. Cir. decisions have reached conflicting answers as to whether a failure to exhaust is jurisdictional, but declining to decide the matter); Mianegaz v. Hyatt Corp., 319 F. Supp. 2d 13, 17 (D.D.C. 2004) (Urbina, J.) (same); Marcelus v. Corr. Corp. of Am./Corr. Treatment Facility, 540 F. Supp. 2d 231, n.4 (D.D.C. Mar. 31, 2008) (Leon, J.) (noting that "courts in this district continue to grapple with the appropriate standard for failure to exhaust," and deciding that Rule 12(b)(6) is proper avenue for failure to exhaust defenses). However, much like in Rann, the distinction for purposes of this Motion is academic as dismissal is appropriate under either Rule 12(b)(1) or Rule 12(b)(6).

Plaintiff's Complaint alleges four claims that sound in tort, an equitable relief claim, and a claim brought under 42 U.S.C. §1983. These counts must be dismissed because Title VII is the exclusive remedy for the alleged discriminatory and retaliatory actions taken by Defendant.

In Brown v. General Services Administration, 425 U.S. 820, 829-832 (1976), the Supreme Court held that Title VII provides the exclusive, pre-emptive remedy for a federal employee seeking to redress employment discrimination. See also Perez v. Federal Bureau of Investigation, 71 F.3d 513 (1995). Courts have extended the Brown reasoning "to reject litigants' efforts to initiate discrimination claims against the federal government under the Constitution or statutes other than Title VII." Brug v. National Coalition for the Homeless, 45 F. Supp.2d 33, 42 (D.D.C. 1999); Richards v. Merit Systems Protection Board, 739 F. Supp. 657, 659 (D.D.C. 1990) (wherein the court rejected Plaintiff's constitutional claim since it raised the same discriminatory conduct as that under Plaintiff's Title VII claim, the latter statutory scheme serving as Plaintiff's exclusive remedy). Plaintiff's Complaint is about the non-selection for four openings for lieutenant positions. The non-selection is the only nucleus of facts about which Plaintiff complains. Plaintiff's attempt to allege tort claims such as negligent infliction of emotional distress, intentional infliction of emotional distress, negligent supervision and *respondeat superior*[4], negligence, equitable relief, and a claim arising under 42 U.S.C. § 1983, is impermissible and, as such, must be dismissed for failure to state a claim.

---

[4] Negligent supervision cases fail as a matter of law when based on violations of Title VII. See Griffin v. Acacia Life Insurance Co., 925 A.2d 564, 576-77 (D.C. App. 2007) ("we conclude that a common law claim of negligent supervision may be predicated only on common law causes of action or duties otherwise imposed by the common law."); citing Demby v. Preston Trucking Co., 961 F.Supp. 873, 881-82 (D. Md. 1997) ("no negligent supervision claims for violations of Title VII").

2.      The Court Lacks Jurisdiction over Tort Claims against the Department of the Navy

Again, Plaintiff alleges four claims that sound in tort. Plaintiff alleges negligent infliction of emotional distress, intentional infliction of emotion distress, negligent supervision and *respondeat superior*, and negligence. Before addressing the merits of these claims, the Court must undertake an independent obligation "to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001); see also Murphy Exploration & Prod. Co. V. U.S. Dep't of Interior, 252 F. 3d 473, 479 (D.C. Cir. 2001); Phoenix Consulting, Inc. v. Republic of Angola, 216 F. 3d 36, 39 (D.C. Cir. 2000).

Under the clear terms of the Federal Torts Claims Act (FTCA), only the United States is a proper defendant to tort suits brought against it, not particular federal agencies or their heads. 28 U.S.C. § 2679(a); see Cox v. Secretary of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990) (suit against the Secretary of Labor rather than the government itself must be dismissed for lack of subject matter jurisdiction); Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a federal agency or employer as opposed to the United States itself must be dismissed for want of jurisdiction"); Stewart v. United States, 655 F.2d 741 (7th Cir. 1981); Hagmeyer v. Department of Treasury, 647 F. Supp. 1300, 1304-05 (D.D.C. 1986) (dismissing FTCA claim against the Department of Treasury because only the United States is a proper defendant in tort suits); see also FDIC v. Citizens Bank & Trust, 592 F.2d 364, 371 (7th Cir.), *cert. denied*, 444 U.S. 829 (1979). Accordingly, because the Complaint alleges tort claims against the Department of Navy, each of those claims should be dismissed.

Moreover, the United States should not be substituted as a Defendant in Plaintiff's tort claims because the Plaintiff has not satisfied the requirements for invoking the limited waiver of sovereign immunity in the FTCA. 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section...

Specifically, Plaintiff does not assert that she has exhausted the necessary administrative remedies under the FTCA, which is a prerequisite to bringing an FTCA claim. The FTCA is a limited waiver of sovereign immunity for certain monetary claims against the United States. Absent full compliance with the conditions placed upon waiver of that immunity, the Court lacks jurisdiction to entertain tort claims against the United States. GAF Corp. v. United States, 818 F.2d 901, 904 n.86 (D.C. Cir. 1987). This requirement is jurisdictional and cannot be waived. Hohri v. United States, 782 F.2d 227, 245-246 (D.C.Cir.1986), *vacated on other grounds*, 482 U.S. 64 (1987). An action cannot be maintained under the FTCA where the complaint is filed before an administrative claim is finally denied or six months have passed. McNeil v. United States Public Health Serv., 508 U.S. 106 (1993). In this case, there is no showing – not even an allegation – that Plaintiff exhausted her administrative remedies and was granted a waiver of sovereign immunity by the United States for her tort claims. Because Plaintiff has not exhausted her administrative remedies, her tort claims must be dismissed for lack of subject matter jurisdiction.

    C.    <u>Plaintiff's 42 U.S.C. § 1983 Claim Must Fail Because There Is No State Action</u>

The Civil Rights statute cited by Plaintiff, 42 U.S.C. §1983, "by [its] terms, do[es] not apply to actions against the United States." Hohri, 782 F.2d at 245 n. 43. See also United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir.1982) ("it is well established...that the United States has not waived its immunity to suit under the provisions of the [Civil Rights Act]"); Biase v. Kaplan, 852 F.Supp. 268, 289-90, n. 18 (D.N.J.1994) ("[N]either § 1985 nor any other provision of the Civil Rights Act may provide the basis for an action against the United States nor a federal agency"). Because Plaintiff has alleged no state action in her Complaint, her claim under 42 U.S.C. § 1983 must be dismissed.

### III. CONCLUSION

Plaintiff has filed a kitchen-sink Complaint. Nonetheless, all of the claims she brings stem from the non-selection of her for two different positions with four different vacancies. These are solely Title VII claims. Plaintiff, however, failed to file her Title VII claims within the applicable time period. Moreover, Plaintiff's remaining claims should be dismissed because Title VII was Plaintiff's exclusive remedy, her tort claims are not properly brought under the FTCA, and there was no state action in this case. Plaintiff's Complaint should be dismissed.

Dated May 21, 2008.

            Respectfully submitted,


              /s/                                      
            JEFFREY A. TAYLOR, D.C. BAR # 498610
            United States Attorney


              /s/                                      
            RUDOLPH CONTRERAS, D.C. BAR #434122
            Assistant United States Attorney


              /s/                                      
            CHRISTIAN A. NATIELLO, D.C. BAR # 473960
            Assistant United States Attorney
            Civil Division
            555 4th Street, N.W.
            Room E4112
            Washington, D.C.  20530
            (202) 307-0338

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SEILA APPLIN )<br>2608 Cast Off Loop )<br>Woodbridge, Virginia 22191 )<br>)<br>           Plaintiff, )<br>  v. )<br>)<br>DONALD C. WINTER, )<br>SECRETARY OF THE NAVY )<br>U.S. DEPT. OF THE NAVY )<br>1000 Navy Pentagon, )<br>Washington, D.C. 20350-1000 )<br>)<br>           Defendant. ) | Civil Action No.: 08-0334 (HHK) |

**ORDER ON MOTION TO DISMISS**

UPON CONSIDERATION of Defendant's Motion to Dismiss, and the entire record herein, it is hereby

ORDERED that the motion is GRANTED, and it is further

ORDERED that Plaintiff's Complaint is hereby dismissed with prejudice.

So ordered, this _____ day of _____ 2008.

_____
Henry H. Kennedy
United States District Judge

Exhibit A

## YOUR RIGHT TO GO TO FEDERAL COURT

   c. <u>Deadline to File Suit</u>. In lieu of appeal to the Commission, you may file a lawsuit in the appropriate United States District Court.

   You are authorized under Title VII, the Age Discrimination in Employment Act (ADEA) and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

   (1) within ninety (90) days of receipt of the final decision on an individual or class appeal if no appeal to the Commission has been filed;

   (2) within ninety (90) days of receipt of the Commission's final decision on appeal; or,

   (3) after 180 days from the date of filing an appeal
       with the Commission if there has been no final decision by the Commission.

   You must file the lawsuit <u>WITHIN NINETY (90) DAYS</u> of the date of receipt of this decision, unless you have appealed your case to the Commission. Failure to file your lawsuit within ninety (90) days of receipt of this decision may result in the dismissal of your suit. Filing a civil action under 29 C.F.R. § 1614.408 or 29 C.F.R. § 1614.409 shall terminate Commission processing of the appeal. If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing.

   d. <u>Special Deadline for Age Discrimination Suits</u>. As to any claim based on the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a), not only must you file suit within ninety (90) days of receipt of this decision, you MAY only have SIX YEARS FROM THE DATE OF THE ALLEGED DISCRIMINATION TO FILE allegations of age discrimination in a lawsuit. See <u>Lehman v. Nakshian</u>, 453 U.S. 156 (1981); 29 U.S.C. 633a(f); and 28 U.S.C. 2401. Filing an appeal to the Commission will not stop that time from running. If the time limit is close to expiring, you should consider whether or not you wish to file a civil suit. You may be barred from filing such a suit, should you allow the time limit to expire, even if you have an appeal in process with the Commission.

4

Exhibit B

### Certificate of Service

I hereby certify that the final action in the discrimination case of **SEILA APPLIN v. DONALD C. WINTER, SECRETARY OF THE NAVY**, DON No. 05-00171-00808 was sent on the date cited below via certified mail, return receipt requested to:

**COMPLAINANT:**                              **CERTIFIED MAIL #:**

Ms. Seila Applin                              7101 4579 9290 0035 9362
17672 Hampstead Ridge Court
Dumfries, VA  22026

**ATTORNEY:**

Donna Rucker, Esquire                         7101 4579 9290 0035 9379
Duboff and Associates, Chtd.
Attorney and Counselors at Law
8401 Colesville Road, Suite 501
Silver Spring, MD  20910-3363

This final action was also forwarded by regular mail to:

Commanding Officer
Naval District Washington
c/o EEO Office
1014 N Street, S.E., Suite 200
Washington Navy Yard, DC  20374-5001

For timeliness purposes, it will be presumed that this notice was received within five (5) calendar days after it was mailed:

Date: 11-21-2007        *[signed]* D. J. Ellenson

Donna J. Ellenson
Naval Office of EEO Complaints
  Management & Adjudication
614 Sicard Street SE, Suite 100
Washington Navy Yard, DC  20374-5072

Exhibit C



Home | Help

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: 7101 4579 9290 0035 9362
Status: **Delivered**

Your item was delivered at 1:55 pm on November 24, 2007 in DUMFRIES, VA 22026. A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.



**Track & Confirm**

Enter Label/Receipt Number.



Site Map | Contact Us | Forms | Gov't Services | Jobs | Privacy Policy | Terms of Use | National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do    5/19/2008