**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SEILA APPLIN | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Case No.: 08-0334 (HHK) |
| | : |
| DONALD C. WINTER, | : |
| SECRETARY OF THE NAVY | : |
| U.S. DEPT. OF THE NAVY | : |
| | : |
| Defendant. | : |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW the Plaintiff, Seila Applin, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court and files this instant Opposition to Defendant's Motion to Dismiss and in support of this Opposition further states as follows:

1. Plaintiff's Complaint in the United States District Court for the District of Columbia was timely filed.

2. Plaintiff seeks leave to amend her Complaint in order to remove Counts II, III, IV, V, VI, and VII and more fully comport with the facts and law governing this case.

3. Plaintiff incorporates by reference thereto the facts law and arguments contained within the accompanying Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss as if fully set forth herein.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court Deny Defendant's Motion to Dismiss, Grant Plaintiff Leave to Amend her Complaint and for such

1

2

other and further relief as this Honorable Court deems just and appropriate.

                      Respectfully submitted,

By:    __/s/ *Donna Williams Rucker*_____
        Donna Williams Rucker, Esquire (Bar #446713)
        DuBoff & Associates, Chartered
        8401 Colesville Road, Suite 501
        Silver Spring, Maryland 20910
        (301) 495-3131    Office
        (301) 587-1872    Facsimile

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SEILA APPLIN : | |
| : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No.: 08-0334 (HHK) |
| : | |
| DONALD C. WINTER, : | |
| SECRETARY OF THE NAVY : | |
| U.S. DEPT. OF THE NAVY : | |
| : | |
|     Defendant. : | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW the Plaintiff, Seila Applin, by and through undersigned counsel, and submits the following Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss as follows:

**I.     FACTS**

Plaintiff, Seila Applin has been represented by counsel throughout the complaint process before the Equal Employment Opportunity Commission ("Commission"). Notices in the case before the Commission were sent to Plaintiff's counsel for the processing of her case. Plaintiff's counsel received the Notice of Right to Sue from the Commission on or about November 28, 2007. Plaintiff's Complaint was timely filed with the United States District Court for the District of Columbia on February 26, 2008. Plaintiff's Complaint included Counts under Title VII of the Civil Rights Act as Amended, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Negligent Supervision and *Respondeat Superior*, Equitable Relief, Negligence as well as violations of 42 U.S.C. § 1983.

## II. STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rule of Civil Procedure the court must construe the complaint in the light most favorable to the plaintiff and take all allegations as true. The issue is not whether the plaintiff will prevail at trial. The appropriate inquiry is whether the plaintiff is entitled to offer support of his claims. *See, Scheuer v. Rhodes,* 416 U.S. 232 (1974) and *Matterson v. Stokes,* 166 F.R.D. 368 (E.D. Va. 1996).

"The allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff and, if these allegations are sufficient, the case must not be dismissed even if the court doubts that the plaintiff will ultimately prevail." *Wallace,* 1998 D.C.App. LEXIS 9, at *9; *McBryde v. Amoco Oil Co.,* 4040 A.2d 200, 203 (D.C. 1979). In addition, all ambiguities must be resolved in plaintiff's favor. *See Bible Way Church of Our Lord Jesus Christ of the Apostolic Faith v. Beards,* 680 A.2d 419, 430 (D.C. 1996). "[U]nless it is beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," a pleading should not be dismissed under Rule 12(b)(6). *Id*.

The Court's threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]he plaintiff, to survive the defendant's motion, need only present evidence from which a jury **might** return a verdict in his favor. If he does so, there is a genuine issue of fact that requires trial." *Id.* at 257 (emphasis added).

## III. ARGUMENT

### A. Plaintiff's Complaint was timely filed.

Plaintiff's counsel received the Notice of Right to Sue on or about November 28, 2007.

4

Plaintiff's Complaint was filed with the United States District Court for the District of Columbia on February 26, 2008. Plaintiff's Complaint included Counts under Title VII of the Civil Rights Act as Amended, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Negligent Supervision and *Respondeat Superior*, Equitable Relief, Negligence as well as violations of 42 U.S.C. § 1983.

In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 92 111 S.Ct. 453 (1990) the Court stated that "As the Court of Appeals observed, § 2000e-16(c) requires only that the EEOC notification letter be "received"; it does not specify receipt by the claimant rather than by the claimant's designated representative." Under our system of litigation "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of which can be charged upon the attorney.'" Link v. Wabash R. Co., 370 U.S. 626, 634, 82 S.Ct. 1386, 1390 (1962) quoting Smith v. Ayer, 101 U.S. 320, 326, 25 L.Ed. 955 (1880). According to *Irwin* "receipt by the charging party's attorney of record with the EEOC starts the filing period running" the Plaintiff's Complaint was timely filed. *Irwin supra*, 498 U.S. 89, 92-93 (1990).

The Court went further to state that Congress itself has endorsed this practice in the provisions of the Federal Rules of Civil Procedure, which provide that "[w]henever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court." Fed. R. Civ. Pro. 5(b).

**B.     Plaintiff seeks leave to amend her Complaint.**

Plaintiff is requesting that this Honorable Court grant Plaintiff leave to amend her Complaint in order to remove Counts II, III, IV, V, VI, and VII and more fully comport with the facts and law governing this case.

**IV.    CONCLUSION**

Based on the reasons stated above and based on the facts that within ninety days from the date of receipt by plaintiff's counsel of the Notice of Right to Sue, the Plaintiff's Complaint was filed in this Honorable Court and as the Supreme Court found in *Irwin*, "receipt by the charging party's attorney of record with the EEOC starts the filing period running" the Plaintiff's Complaint was timely filed. *Irwin supra*, 498 U.S. 89, 92-93 (1990).  Therefore, because Plaintiff's counsel received the Notice of Right to Sue from the Commission on or about November 28, 2007 and Plaintiff filed her Complaint on February 26, 2008 her Complaint was timely filed.

As Plaintiff has stated that Counts II, III, IV, V, VI, and VII are to be dismissed Plaintiff would respectfully ask for leave to amend her Complaint to comport with the facts and law regarding her case.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to Deny Defendant's Motion to Dismiss, Grant Plaintiff Leave to Amend her Complaint and for such other and further relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

__June 5, 2008_____        By:    __/s/ *Donna Williams Rucker*_____
Date                                                Donna Williams Rucker, Esquire (Bar #446713)
                                                         DUBOFF & ASSOCIATES, CHARTERED
                                                         8401 Colesville Road, Suite 501
                                                         Silver Spring, Maryland 20910
                                                         (301) 495-3131    Office
                                                         (301) 587-1872    Facsimile

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEILA APPLIN | : |
| | : |
|     **Plaintiff,** | : |
| | : |
| v. | :   Case No.: 08-0334 (HHK) |
| | : |
| DONALD C. WINTER, | : |
| SECRETARY OF THE NAVY | : |
| U.S. DEPT. OF THE NAVY | : |
| | : |
|     **Defendant.** | : |

# ORDER

UPON CONSIDERATION of the Defendant's Motion to Dismiss, Plaintiff's Opposition thereto, and the facts and law considered, it is this _____ day of _____, 2008,

ORDERED that Defendant's Motion to Dismiss be and hereby is DENIED and it is further;

ORDERED that Plaintiff has up to and including the _____ day of _____, 2008 to file an Amended Complaint.

SO ORDERED.

 

_____
JUDGE
United States District Court for
the District of Columbia

Copies to:

Donna Williams Rucker, Esquire
Via electronic filing

Christian A. Natiello
Via electronic filing