# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEILA APPLIN,                       ) | |
|                      ) | |
|          Plaintiff,          ) | |
|     v.                     ) | Civil Action No.: 08-0334 (HHK) |
|                      ) | |
| DONALD C. WINTER,         ) | |
| SECRETARY OF THE NAVY     ) | |
| U.S. DEPT. OF THE NAVY,     ) | |
|                      ) | |
|           Defendant.       ) | |

## <u>DEFENDANT'S REPLY IN FURTHERANCE OF HIS MOTION TO DISMISS</u>

In his Motion to Dismiss, Defendant Donald C. Winter, Secretary of the Navy, by his undersigned attorneys, respectfully moved this Court to dismiss Plaintiff's Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant asserted that Plaintiff's Title VII claims are untimely, this Court lacks subject matter jurisdiction to hear Plaintiff's tort claims, and Plaintiff fails to state a claim under 42 U.S.C. § 1983. Moreover, Defendant asserted that because Title VII is Plaintiff's exclusive remedy for her discrimination and reprisal claims, she fails to state a claim upon which relief can be granted. Plaintiff's Opposition does not sway the balance of law to her favor.

## <u>ARGUMENT</u>

Plaintiff's Opposition concedes all points made by Defendant in his Motion to Dismiss except that Plaintiff argues that her Title VII claim is timely. Plaintiff writes that she "seeks leave to amend her Complaint in order to *remove* Counts II, III, IV, V, VI, and VII." Plaintiff's Opposition at ¶ 2 (emphasis added). Plaintiff does not challenge the substance of Defendant's arguments in support of the dismissal of these claims. As such, Counts II – VII of Plaintiff's Complaint should be dismissed with prejudice.

Plaintiff does, however, try to make the (un)timeliness of her Title VII claim a battleground in this case. In his Motion to Dismiss, Defendant asserted that Plaintiff had 90 days from the date Plaintiff received the Notice of Right to Sue letter sent to her after the conclusion of her Equal Employment Opportunity Commission case. 29 C.F.R. 1614.407; Appeals Right Notice ("Notice"). The Notice was mailed to Plaintiff (and to her attorney) on November 21, 2007. Plaintiff took actual receipt of the Final Decision on November 24, 2007. Plaintiff had 90 days, then, from November 24, 2007, to file the instant action. She failed to do so.

Ninety days from November 24, 2007, would have been on Friday, February 22, 2008. Plaintiff, however, did not file her Complaint until Tuesday, February 26, 2008.[1] As such, Plaintiff's Title VII claim should be dismissed. Ikossi v. Dep't of the Navy, 516 F.3d 1037 (D.D.C. 2008) (dismissing the plaintiff's termination claim because it was filed more than 90 days from the receipt of the final EEOC decision).

Plaintiff's argument for timeliness comes down to this: even though Plaintiff personally received the Notice more than 90 days before filing this suit, her lawyer received the Notice after Plaintiff did and filed this suit just within the 90 day time period.[2] Plaintiff wants this Court to rule that the receipt of the Notice by her lawyer somehow trumps (and erases) the fact that Plaintiff herself received the Notice more than 90 days before filing her suit. So, Plaintiff contends, her Complaint was filed in a timely fashion despite the fact that she received the Notice

---

[1] The Courthouse was also open on Monday, February 25, 2008. Though her Complaint would have still been late, Plaintiff failed to file her Complaint on that day as well.

[2] Plaintiff's attorney received the Notice on November 28, 2007, exactly 90 days before her Complaint was filed.

more than 90 days before her Complaint in this case was filed.[3]  Plaintiff is incorrect for two

reasons.  First, Plaintiff's attorney was mailed the Notice on the same day that Plaintiff was; it

was received by her lawyer's office on the same day that Plaintiff received the notice.  See USPS

Tracking Sheet, attached as Exhibit A; also see Irwin v. Department of Veteran Affairs, 498 U.S.

89 (1990) (Notice deemed received once delivered to the office of the plaintiff's attorney).  This

was more than 90 days before Plaintiff filed her Complaint in this case.

    Second, and perhaps more damningly, Plaintiff cites Irwin v. Department of Veteran

Affairs, 498 U.S. 89 (1990) as the only support for her position.  Irwin, however, provides more

support for Defendant's position than it does Plaintiff's!

    In Irwin, the plaintiff received the Notice of Appeal *after* his attorney received it (it is

already distinguishable from this case).  As such, the plaintiff in Irwin tried to argue that the

statutory filing period of 30 days did not begin to run until he personally received the notice.[4]

The Supreme Court affirmed the dismissal of the case as untimely.  The Court agreed with the

Court of Appeals, which had held that the filing period "begins to run on the date that the EEOC

right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant,

even if counsel himself or herself does not actually receive the notice until later."  Irwin, 498 U.S.

at 91.  That is precisely what happened in this case – Plaintiff received the Notice, then her

---

[3]    Plaintiff apparently concedes that if the start date for the filing period begins
when she received the Notice of Right to Sue, then her Complaint is untimely.  Plaintiff does not
dispute having received the Notice of Right to Sue on November 24, 2007.

[4]    Two things: in this case, Plaintiff is claiming that the date she received the Notice
should *not* count, whereas in Irwin, the plaintiff was arguing that the date he received the Notice
was the date that really mattered.  Second, note that the filing period in Irwin was a mere 30
days.  Here, the filing period is 90 days, offering Plaintiff even less of an excuse for filing in an
untimely fashion.

lawyer received it afterwards.

Plaintiff cites <u>Irwin</u> for the proposition that the filing period does not start until his or her attorney receives the right-to-sue notice.  In <u>Irwin</u>, the Court said that *even if* a plaintiff receives a right-to-sue after his or her attorney, the filing period begins to run once his or her attorney receives the letter.  For Plaintiff to take <u>Irwin</u> a step further and say that the period begins to run *only* when Plaintiff's attorney receives the letter is both illogical and legally inaccurate.

In fact, the <u>Irwin</u> Court agreed with the Court of Appeals, which held that the filing period begins to run when "the EEOC delivers its notice to a claimant <u>or</u> the claimant's attorney, <u>whichever comes first</u>."  <u>Irwin</u>, 498 U.S. at 92.  Plaintiff completely ignores this crucial language.  Plaintiff also ignores case law that is in direct contrast to her position that the time period begins to run only when a plaintiff's lawyer receives a right-to-sue letter.  <u>See</u> <u>Strong-Fischer v. Peters</u>, 2008 U.S. Dist. LEXIS 40810 (D.D.C.) (stating that it "is well-settled that notice of final action is 'received' when the agency delivers its notice to a claimant or a claimant's attorney – whichever comes first."); <u>also</u> <u>see</u> <u>Janczewski v. Sec'y, Smithsonian Inst.</u>, 767 F. Supp. 1, 5 (D.D.C. 1991) ("[w]ithin the meaning of Title VII, notice of final action is received when the agency delivers its notice to a claimant or the claimant's attorney, whichever comes first.").

Moreover, for Plaintiff to claim that the filing period does not begin when she received the Notice is also in direct contravention of the regulation governing the filing period.  The relevant regulation, 29 C.F.R. 1614.407, states that:

> A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under title VII, the ADEA, and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

(a) Within 90 days of receipt of the final action on an individual
or class complaint if no appeal has been filed.

Plaintiff is a complainant who filed an individual complaint; she certainly has not alleged

that she is part of a class action.  Note that the regulation makes specific reference to "an agent"

for those plaintiffs who have filed a class complaint.  It makes no mention of "an agent" for those

who filed an individual complaint, yet it easily could have seeing as how it did for those who filed

class actions.  An objective, clear reading of the plain language of the regulation should leave this

Court with one conclusion: Plaintiff had 90 days from the date *she* received the Notice to file her

suit.  She did not.  As such, her Title VII claim is untimely and should be dismissed with

prejudice.[5]

## **CONCLUSION**

Plaintiff's Complaint alleges seven causes of action.  Plaintiff does not contest the

dismissal of Counts II-VII.  As such, they should be dismissed.  Plaintiff's remaining Title VII

---

[5]     Plaintiff does not claim that equitable tolling should be applied in this case, and
rightly so.  This is not a case where equitable tolling should be applied.  A party must
demonstrate extraordinary circumstances to invoke a court's power to toll the statute of
limitations.  Battle v. Rubin, 121 F. Supp. 2d 4, 7-8 (D.D.C. 2000) (internal quotations and
citations omitted).  Extraordinary circumstances have involved *pro se* litigants whose failure to
meet the deadline was caused in part by reliance on the advice of a government officer, see
Jarrell v. United States Postal Serv., 243 U.S. App. D.C. 350, 753 F.2d 1088, 1092 (D.C.
Cir. 1985), or who have barely missed the filing deadline. See, e.g., Brooks v. Derwinski, 741 F.
Supp. 963 (D.D.C. 1990) (allowing equitable tolling when a *pro se* plaintiff, proceeding in forma
pauperis, filed only one day late).  See also Janczewski, 767 F. Supp., at 6 (allowing equitable
tolling where "the temporary absence of a security guard or marshal at the courthouse entrance . .
. caused the plaintiff to file [her] case one minute late"); Robinson-Smith v. Gov't Employees
Ins. Co., 424 F. Supp. 2d 117, 122 (D.D.C. 2006) (noting that tolling may be appropriate "where
a party has been misled by its adversary to miss a filing deadline, where a claimant has actively
pursued its rights by filing a defective pleading within the deadline, and where a plaintiff was
prevented from bringing suit by war").  Also see Smith v. Dalton, 971 F. Supp. 1, 2-3 (D.D.C.
1997) (suit barred when filed ninety-one days after final agency action).  Plaintiff's case offers
no such extraordinary circumstances.

claim is untimely.  Ultimately, the <u>Irwin</u> Court dismissed that untimely Title VII case as "a garden

variety claim of excusable neglect."  <u>Irwin</u>, 498 U.S. at 96.  This Court should do the same.

Dated: June 13, 2008                 Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
CHRISTIAN NATIELLO, D.C. BAR #473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room #4112
Washington, D.C.  20530
(202) 307-0338


Of Counsel:
Stephanie Polk
NDW/BUMED
Office of Counsel – Bethesda Branch

Exhibit A



**UNITED STATES
POSTAL SERVICE.**

Home | Help



**Track & Confirm**

# Track & Confirm

## Search Results

Label/Receipt Number: 7101 4579 9290 0035 9379
Status: **Notice Left**

We attempted to deliver your item at 11:34 AM on November 24, 2007 in
SILVER SPRING, MD 20910 and a notice was left. It can be redelivered
or picked up at the Post Office. If the item is unclaimed, it will be returned
to the sender. No further information is available for this item.

Information on this item has been restored from offline files and will be
available online for 30 days from 06/02/2008.

( Additional Details > ) ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.



Site Map     Contact Us     Forms     Gov't Services     Jobs     Privacy Policy     Terms of Use     National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA