**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

_____

**SEILA APPLIN,**

                              **Plaintiff,**

                    **v.**                                      **1:08-CV-334**
                                                             **(FJS)**

**DONALD C. WINTER, Secretary of**
**the Navy,**

                              **Defendant.**

_____

**APPEARANCES**                                  **OF COUNSEL**

**RUCKER & ASSOCIATES, PC**        **DONNA W. RUCKER, ESQ.**
888 16th Street, N.W.
Suite 800
Washington, DC 20006
Attorneys for Plaintiff

**OFFICE OF THE UNITED**           **OLIVER MCDANIEL, AUSA**
**STATES ATTORNEY**                 **ANDREW NELSON, AUSA**
555 Court Street, N.W.
Room E-4206
Washington, D.C. 20530
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

      Currently pending before the Court is Defendant's motion for summary judgment. _See_ Dkt. No. 42. On March 12, 2012, the Court held a conference with counsel to address the status of this case in general and the pending motion in particular.

      At the conference, the Court noted that the parties disputed whether Plaintiff had commenced this action within ninety days of receiving her right-to-sue letter. The Court advised

counsel that it did not need to determine whether the ninety-day period began to run on November 24, 2007, when the post office delivered the right-to-sue letter to Plaintiff's former address (ninety four days before she filed her complaint in this action), or on November 28, 2007, when her attorney received the right-to-sue letter, because, even if the earlier date were the applicable date, this was an appropriate case for the application of equitable tolling. *See Colbert v. Potter*, 471 F.3d 158, 167 (D.C. Cir. 2006) (noting that "'like a statute of limitations, [the statutory time requirement] is subject to waiver, estoppel, and equitable tolling'" (quoting *Zipes*, 455 U.S. at 393, 102 S. Ct. 1127)). Therefore, the Court denied Defendant's motion on this ground.

The Court then addressed Plaintiff's claim of discrimination. The Court noted that its review of the parties' submissions demonstrated that Plaintiff had raised a number of factual issues that precluded granting summary judgment to Defendant on this claim.

Finally, the Court addressed Plaintiff's retaliation claim. The Court noted that Plaintiff relied on the temporal proximity between the conclusion of her protected activity, i.e., the parties' settlement of Plaintiff's two previous EEOC complaints and Defendant's failure to promote her, to establish an inference of retaliation. The Court concluded that the time between these events was too remote, standing alone, to support such an inference. Therefore, the Court granted Defendant's motion with respect to Plaintiff's retaliation claim.

Accordingly, after considering the entire record in this case, the parties' submissions and oral arguments, and the applicable law, and for the reasons stated at the conference, the Court hereby

**ORDERS** that Defendant's motion for summary judgment is **GRANTED** with respect to

Plaintiff's claim of retaliation; and the Court further

**ORDERS** that Defendant's motion for summary judgment is **DENIED** with respect to Plaintiff's claim of discrimination; and the Court further

**ORDERS** that the parties shall file their pretrial submissions on or before **June 7, 2012**; and the Court further

**ORDERS** that the parties shall file their motions *in limine*, if any, on or before **June 7, 2012**, and any responses thereto on or before **June 11, 2012**; and the Court further

**ORDERS** that counsel shall appear for a final pretrial conference on **June 14, 2012, at 10:30 a.m.**; and the Court further

**ORDERS** that the trial of this matter shall commence on **June 18, 2012, at 9:30 a.m.**

**IT IS SO ORDERED.**

Dated: March 15, 2012
      Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge